**Zhiyong WENG, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General,[1] Respondent.**

No. 13–1448

United States Court of Appeals, Second Circuit.

June 25, 2015.

H. Raymond Fasano, New York, NY, for Petitioner.

Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, RICHARD C. WESLEY, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Zhiyong Weng, a native and citizen of the People's Republic of China, seeks review of a March 19, 2013, order of the BIA affirming the May 4, 2011, decision of Immigration Judge ("IJ") Alice Segal, denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhiyong Weng,* No. A077 262 774 (B.I.A. Mar. 19, 2013), *aff'g* No. A077 262 774 (Immig.Ct.N.Y. City May 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009).

On appeal, Weng has abandoned any challenge to the IJ's determination that he failed to demonstrate that his fear of persecution was objectively reasonable. *See Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). That finding was dispositive of asylum and withholding of removal, and we decline to consider Weng's challenge to the IJ's alternative basis for denying those forms of relief. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

As to CAT relief, the IJ's decision was not in error. It is well-settled that a petitioner is not "entitled to CAT protection based *solely* on the fact that [ ]he is part of the large class of persons who have illegal-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

ly departed China." *Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005); *see also Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). A generalized risk alone, such as that asserted by Weng, does not suffice to carry the burden of demonstrating a likelihood of torture if repatriated to China. *See Lin,* 432 F.3d at 160.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).